# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00187-FDW

| | |
|---|---|
| LIONELL MARBURY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FNU WILBERY, et al. ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I.      BACKGROUND

Pro se Plaintiff Lionell Marbury ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Piedmont Correctional Institution in Salisbury, North Carolina. Plaintiff filed this action on April 15, 2019, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) FNU Wilerby, identified as a Lieutenant at Brown Creek Correctional Institution ("Brown Creek"), located in Polkton, North Carolina; (2) FNU Myers, identified as a Sergeant at Brown Creek; (3) Jack Cleloand, identified as an Assistant Superintendent at Brown Creek; (4) [Doc. 1].

Plaintiff brings claims against Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. [Doc. 1].

The following allegations of the Plaintiff are taken as true for the purpose of initial review:

> Officers had me work between April and June while injured on crutches. Time varies. April 18 2016 between 12:30 – 2:00 pm is when I dislocated my knee.
>
> I dislocated my right knee and was denied medical assistance when I requested sickcalls on five different occasions. Lt. Wilerby and Sgt Myers both compelled me to work as a bathroom janitor while injured and on crutches putting me in an unsafe environment for two months. They both threaten to write me up if I quit my job. Also nurse Teater denied me crutches at first until C.O. Ferris agreed with me to have some….
>
> I sustained a dislocated right knee which had bruising going down to my ankle and up my right thigh. At Brown Creek I only received an ace bandage, Icepacks, crutches and meloxicam only "After" declaring "TWO" emergency sickcalls. I had to work as a bathroom janitor for weeks until I left. At Bertie Correctional I was seen the next night after putting in one sickcall. I saw the doctor a few days later after the nurse seen "FIVE" unanswered sickcalls at Brown Creek. The doctor ordered physical therapy, more pain medication and MRI pending results of physical therapy. MRI showed I had a subluxed patella and was order for surgery on Dec 4, 2017. I also was given physical therapy once more between feb 2018 and Apr. 2018. I'm currently taken pain medication for injury. I didn't receive any medical attention at Brown Creek when I put in 5 sickcalls. Also the doctor nor nurse took me off of work at Brown Creek when I verbally requested.

[Doc. 1 at 5 (spelling and grammatical errors uncorrected).

For relief, Plaintiff seeks monetary damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth

Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

"[T]o establish a claim of deliberate indifference against non-medical prison personnel, a plaintiff must demonstrate that the official was personally involved in the treatment or denial of treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or were indifferent to the medical provider's misconduct." Ballenger v. Crawford, No. 3:15-cv-12558, 2016 WL 8710023, at *9 (S.D.W. Va. Aug. 5, 2016) (citing Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)).

The Court finds that, taking Plaintiff's allegations as true, and drawing all reasonable inferences in his favor, Plaintiff's claims against Defendants Wilerby, Myers, and Teater for deliberate indifference to serious medical needs are not clearly frivolous. Thus, this action survives initial review as to these Defendants.

As to Defendant Cleoand, identified as the Assistant Superintendent of Brown Creek, it is well established that he cannot be held liable merely by virtue of his supervisory based on respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Here, Plaintiff alleges no personal participation by Defendant Cleoand other than "negligence for not properly training employees." [Doc. 1 at 4]. Allegations of negligent training alone are insufficient to support a claim for relief under the Eighth Amendment for deliberate indifference to a serious medical need. See Grayson, 195 F.3d at 695. Further, unlike Defendants Myers and Wilerby, Plaintiff has not alleged that Defendant Cleoand was even aware of Plaintiff's lack of medical treatment or, through reasonable inference, that he could have been indifferent to the medical provider's misconduct. See Ballenger, 2016 WL 8710023, at *8. As such, Plaintiff's claim against Defendant Cleoand will be dismissed.

To the extent Plaintiff seeks to bring a Section 1983 claim against the N.C. Department of Public Safety (NCDPS), Plaintiff is advised that neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

Further, because Plaintiff has been transferred from Brown Creek to Piedmont Correctional Institution, Plaintiff's claims for injunctive relief are moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## IV. CONCLUSION

In sum, the Court finds that this action survives initial review as to Defendants Wilerby, Myers, and Teater, but not as to Defendant Cleoand or Defendant NCDPS.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants Wilbery, Myers, and Teater, but Defendant Cleoand and Defendant N.C. Department of Public Safety are dismissed. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants FNU Wilerby, FNU Myers, and FNU Teater, who are alleged to be current or former employees of NCDPS.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge