# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00187-FDW

| | |
|---|---|
| LIONELL MARBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WILERBY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Appointment of Counsel. [Doc. 19] and Plaintiff's "Motion to Amends" [Doc. 20], which the Court construes as an addendum to Plaintiff's motion for counsel.

Pro se Plaintiff Lionell Marbury ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Piedmont Correctional Institution in Salisbury, North Carolina. Plaintiff filed this action on April 15, 2019, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) FNU Wilerby, identified as a Lieutenant at Brown Creek Correctional Institution ("Brown Creek"), located in Polkton, North Carolina; (2) FNU Myers, identified as a Sergeant at Brown Creek; (3) Jack Cleoand, identified as an Assistant Superintendent at Brown Creek; (4) [Doc. 1]. Plaintiff brought claims against these Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. [Doc. 1]. The Plaintiff's Complaint survived initial review as to Defendants Wilerby, Myers, and Teater, but not as to Defendant Cleoand or Defendant NCDPS. [Doc. 15]. The Court has previously denied a motion to appoint counsel by Plaintiff. [Docs. 10, 11].

A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). As grounds for appointment of counsel, Plaintiff presents the same grounds as in his previous motion for counsel. [See Doc. 10]. Namely, Plaintiff states that the issues in his case are complex and will require significant research and investigation. Further, Plaintiff states that he has "'no' access to a law library and limited knowledge of the law." Plaintiff also states that "[a] trial in this case will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses." [Doc. 19 at 1].

In Plaintiff's addendum, he presents specific alleged factual details of his case and cites to law related to claims for deliberate indifference to serious medical needs. [See Doc. 20]. Plaintiff also lists certain materials he believes will be difficult for him to obtain without counsel. [Id. at 2]. The materials Plaintiff seeks are properly sought through discovery, which may begin after a Pretrial Order and Case Management Plan (PTOCMP) is entered in this case. A PTOCMP is not entered, however, until after an Answer is filed by at least one Defendant in this matter. Interestingly, Plaintiff claims to have "no" access to a law library, but Plaintiff's addendum demonstrates he apparently has at least some access to legal reference materials. Plaintiff, again, has not presented exceptional circumstances that justify appointment of counsel. His claim for deliberate indifference to serious medical needs, as it currently stands, does not present exceptional circumstances. Therefore, Plaintiff's motion to appoint counsel will be denied. The Plaintiff may renew his motion when and if his claim survives summary judgment against one or more Defendants.

In sum, Plaintiff's motion for appointment of counsel, as amended, will be denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Appointment of Counsel [Doc. 19] is **DENIED**.

(2) Plaintiff's Motion to Amends [Doc. 20] is **DENIED**.

Signed: December 23, 2019

Frank D. Whitney
Chief United States District Judge